IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------x
                                                      :
STRIKE 3 HOLDINGS, LLC                                :    3:19 CV 115 (JBA)
                                                      :
v.                                                    :
                                                      :
JOHN DOE, subscriber assigned IP                      :
Address 141.126.202.40                                :    DATE:  MAY 10, 2019
                                                      :
------------------------------------------------------x
```

## RULING ON MOTION TO QUASH (DOC. NO. 10)

On January 24, 2019, Strike 3 Holdings, LLC ("Strike 3" or "the plaintiff") commenced this action against John Doe, a subscriber of IP address 141.126.202.40 ("Doe" or "the defendant"). (Doc. No. 1). The plaintiff claims to be the owner of original "award winning" motion pictures featured on its brand's subscription-based adult websites. (Doc. No. 1 at 1). Strike 3 alleges that Doe's Internet Protocol ("IP") address has illegally distributed several of Strike 3's motion pictures, "stealing these works on a grand scale[,]" and "committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures and distributing them to others." (*Id.* at 1-2). The defendant now moves to quash a third-party subpoena that the plaintiff has served on the defendant's Internet Service Provider ("ISP") to obtain the defendant's name and address. (Doc. No. 10). For the reasons set forth below, the defendant's Motion to Quash (Doc. No. 10) is DENIED, but the plaintiff is ordered to revise the subpoena to include additional conditions, as detailed below.

I.     BACKGROUND

Prior to commencing this action, Strike 3 hired an investigator, IPP International U.G. ("IPP"), to monitor and detect the infringement of Strike 3's content. (Doc. No. 8, Brief at 5). IPP

1

employs a system that monitors the BitTorrent file distribution network for the presence of copyrighted works, and IPP's forensic software identifies IP addresses that are being used by alleged infringers to distribute copyrighted works within the BitTorrent File Distribution Network. (Doc. No. 8, Declaration of Tobias Fieser ("Fieser Decl.") ¶ 5). IPP discovered that the defendant's IP address was illegally distributing several of Strike 3's motion pictures. (Doc. No. 8, Fieser Decl. ¶ 7). As developed by the United States National Security Agency, digital files can be identified by a "Crytographic Hash Value." (Doc. No. 8, Fieser Decl. ¶ 10). IPP's software determined that the files being distributed by the defendant's IP address have a unique identifier of the Cryptographic Hash. (*Id.*).

IPP provided this information to Strike 3 who then viewed each of the unauthorized motion pictures corresponding to the file hashes side by side with Strike 3's motion pictures, as published on their websites, and as enumerated by their United States Copyright Office identification numbers. (Doc. No. 8, Declaration of Susan B. Stalzer ("Stalzer Decl.") ¶ 9). The plaintiff alleges that each digital media file, as identified by the file hash value, is a copy of Strike 3's corresponding motion picture and is identical, or strikingly similar, or substantially similar to the original work identified by their United States Copyright Office identification numbers. (Doc. No. 8, Stalzer Decl. ¶ 10). In addition, Strike 3 used the American Registry for Internet Numbers to confirm that the ISP did own the defendant's IP address at the time of the alleged infringements, and hence, has the relevant information to identify Doe. (Doc. No. 8, Stalzer Decl. ¶ 11).

Strike 3 then retained a technology advisor to analyze individually and retain forensic evidence captured by IPP. (Doc. No. 8, Declaration of Philip Pasquale ("Pasquale Decl.") ¶ 6). That advisor confirmed that the IPP recorded a transaction occurring on November 23, 2018, with the IP address 141.126.202.40. (Doc. No. 8, Pasquale Decl. ¶¶ 7, 9). Based on the experience of

that advisor in similar cases, he claims that the defendant's ISP, Spectrum, is the only entity that can correlate the IP address to its subscriber and identify the defendant as the person assigned to IP address 141.126.202.40 during the time of the alleged infringement. (Doc. No. 8, Pasquale Decl. ¶ 10).

Because the plaintiff can identify the defendant only through this IP address, the plaintiff moved this Court for leave to subpoena the defendant's name and address from his ISP, prior to the Rule 26(f) conference, pursuant to Rule 26(d)(1). (Doc. No. 8). This Court (Arterton, J.) granted the plaintiff's motion with several conditions, including the following: (1) upon serving the ISP, the ISP must serve a copy of the Order on the Doe subscriber; (2) the ISP must permit the defendant 60 days to contest the subpoena; (3) the ISP is prohibited from turning over the defendant's identifying information until the expiration of that 60-day period, and (4) the ISP, once subpoenaed, must preserve any subpoenaed information pending the resolution of any timely motion to quash. (Doc. No. 9). The plaintiff served the subpoena on the defendant's ISP, and this motion to quash by the defendant followed.

II. DISCUSSION

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. *See* Fed. R. Civ. P. 45(a)(1). A party may move to quash the subpoena if the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. Fed. R. Civ. P. 45(d)(3)(A)-(B). The party seeking to quash a subpoena bears the burden of persuasion, *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D.

3

111, 112 (D. Conn. 2005) (citations omitted), and that standard applies in a case such as this, when a person other than the subpoena recipient moves to quash the subpoena. *United States Regional Econ. Dev. Auth., LLC v. Matthews*, No. 10 CV 10983 (CSH), 2018 WL 2172713, at *7 (D. Conn. May 10, 2018) (holding that, "as an exception to the general rule, a party has standing to move to quash a subpoena directed at a nonparty where the party seeks to enforce a claim of privilege or personal right."); *see Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (noting that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness[.]").

The defendant objects to Strike 3's subpoena to Spectrum on the basis that the defendant, who is a subscriber assigned IP Address 141.126.202.40, is "simply an I.T. services company, procuring internet services on behalf of the company's clients who are the actual end users of the internet service." (Doc. No. 10 at 1). The defendant argues that it is "not the end user of the service but simply a reseller" and "is not the entity [the plaintiff is] seeking." (Doc. No. 10 at 1).

The plaintiff appropriately observes that the defendant has offered no evidence to support this proposition. Moreover, as discussed above, Strike 3's technology advisor, who has analyzed individually and retained forensic evidence captured by IPP, confirmed that IPP recorded a transaction evidencing alleged infringement on November 23, 2018, with the defendant IP address 141.126.202.40. (Doc. No. 8, Pasquale Decl. ¶¶ 6, 7, 9). Even if the defendant is another ISP, the defendant does hold relevant information about the alleged infringing IP address. Federal Rule of Civil Procedure 26(b)(1) governs the relevance of documents requested by a Rule 45 subpoena, and Rule 26(b)(1) allows for the discovery of any nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Rule 26 (b)(1) "directs courts to consider 'the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of experience of the proposed discovery outweighs its likely benefit.'" *United States Sec. & Exch. Comm. v. Ahmed*, Civ. No. 3:15 CV 675 (JBA), 2018 WL 1541902, at *2 (D. Conn. Mar. 29, 2018) (quoting FED. R. CIV. P. 26(b)(1); citing *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016)).

The information sought in this subpoena is relevant because identifying the name and address of the defendant subscriber assigned IP address 141.126.202.40 will allow this case to proceed with the service of a Complaint and summons. "[I]dentifying [the d]efendant is a necessary step" in making the determination of whether the defendant is, in fact, "the infringer[.]" *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *4 (S.D.N.Y. Sept. 29, 2016) (citations omitted). As United States District Judge Valerie Caproni explained in another *Strike 3 Holdings* case, once the defendant is served, he may move to dismiss the case, "if he chooses, in which he can raise the arguments that he attempts to raise here." *Strike 3 Holdings, LLC v. Doe*, 18 CV 2648 (VEC), 2019 WL 78987, at *3 (S.D.N.Y. Jan. 2, 2019) (citing FED. R. CIV. P. 12(b)(6)). Thus, the "[d]efendant will be free to argue that he was not the actual infringer at the appropriate time in this litigation." *Malibu Media*, 2016 WL 5478433, at *4 (citation and internal quotation marks omitted); *see Malibu Media, LLC v. John Doe Subscriber Assigned to IP Address 24.90.139.137*, No. 15-CV-7788 (KMW), 2016 WL 1651869, at *4 (S.D.N.Y. Apr. 26, 2016) (holding that the "[d]efendant's argument that another party is responsible for the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because '[o]btaining [the defendant's] contact information is the logical first step in

identifying the correct party.'" (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2105 WL 4403407, at *3 (S.D.N.Y. July 20, 2015) (additional citation omitted)).

Additionally, "whether [the] [d]efendant has meritorious defenses to [the [p]laintiff's claims is not relevant for purposes of the instant motion to quash or [the] [p]laintiff's ability to obtain the discovery sought in the . . . Subpoena." *See Malibu Media, LLC v. Doe*, No. 14-CV-4808 (JS)(SIL), 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) (collecting cases)). A subpoena may not be quashed on grounds that the information sought goes to the "merits" of the party's case. *Strike 3 Holdings*, 2019 WL 78987, at *2 (citing *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4577*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010) (concluding that "the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable."); *see also* Handbook of Fed. Civ. Disc. & Disclosure § 1:30 (4th ed. 2018) ("[D]iscovery should not be denied because it relates to a claim or defense that is being challenged as insufficient."); *Voltage Pictures, LLC v. Does 1–5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability . . . is not a basis for quashing" a subpoena)).

The defendant also contends that Connecticut General Statute § 42-471(a) prevents it from disclosing the requested information. This Court disagrees. Section 42-471(a) states, in relevant part, that, "[a]ny person in possession of personal information of another person shall safeguard the data, computer files and documents containing the information from misuse by third parties …."[1] The defendant argues that this provision "clearly imposes upon [the defendant] in this case a duty to safeguard the personal information of the end user or else be subject to a civil penalty of

---

[1] "Personal information" as defined by CONN. GEN. STAT. § 42-471, is "information capable of being associated with a particular individual through one or more identifiers, including, but not limited to, a Social Security number, a driver's license number, a state identification card number, an account number, a credit or debit card number, a passport number, an alien registration number, a health insurance identification number or any military identification information[.]" *Id.* The term "personal information" "does not include publicly available information that is lawfully made available to the general public[.]" CONN. GEN. STAT. § 42-471.

five hundred dollars for each violation as defined by the statute." (Doc. No. 10 at 1 (citing CONN. GEN. STAT. § 42-471(e)).

Section 42-471(a) imposes a duty to safeguard personal information from "misuse by third parties[.]" The plaintiff seeks this information to determine the identity of the user with an IP address that has been linked to the illegal distribution of Strike 3's motion pictures. Moreover, the subpoena issued pursuant to a court order in which the Court found that the plaintiff established "good cause" for serving this subpoena on Spectrum. (Doc. No. 9). The defendant cannot claim that compliance with a court ordered subpoena would constitute "misuse by third parties[.]"

The Cable Communications Policy Act of 1984, 47 U.S.C. § 551 *et seq.* protects the privacy of subscribers to cable service. Though this Act prohibits a cable operator from disclosing personally identifiable information "without prior written or electronic consent of the subscriber[,]" a "cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B). That is precisely the case here. (*See* Doc. No. 9 (Order granting Motion for Leave to Serve Third Party Subpoea); Doc. No. 9, ¶ 5 ("Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.")).

The foregoing notwithstanding, the Court is sympathetic to the defendant's privacy concerns. As this Court has explained, "'[the] [d]efendant's privacy right in the legitimate use of the internet [must be balanced] against [the] [p]laintiff's interests in protecting its copyrighted material from infringement.'" *Strike 3 Holdings, LLC v. Doe*, 3:18 CV 1945(JBA), 2019 WL 1122984, at *4 (D. Conn. Mar. 12, 2019) (quoting *Strike 3 Holdings, LLC,* 2019 WL 78987, at

\*4). In this case, "the scales tip in favor of permitting the plaintiff to obtain the identity of the defendant, given that the defendant may have infringed on the plaintiff's copyright." *Id.* That said, just as this Court recently concluded, "[t]here must be some restrictions in place, however, to protect the defendant's identity." *Id.* (citing *Strike 3 Holdings, LLC v. Doe*, No. No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at \*6 (D. Conn. Nov. 1, 2017) ("In granting early discovery by subpoena, the Court recognizes that in certain BitTorrent cases involving adult content, other courts have protected the defendants' privacy with an order establishing procedural safeguards.")).

In its Motion for Leave to Serve the Third-Party Subpoena, the plaintiff represented that it would not seek settlement "unless initiated by [the] defendant or [the] defendant's counsel[,]" and agreed to the "issuance of a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously." (Doc. No. 8, Brief at 8, 15). The plaintiff "respectfully encourage[d] the Court to establish such procedures here." (Doc. No. 8, Brief at 15). On December 18, 2018, this Court (Arterton, J.) issued an Order on the plaintiff's motion for leave to serve the third party subpoena in which it directed the plaintiff to attach a copy of the Order to the subpoena, serve a copy on the ISP and on the defendant, and permit the defendant 60 days from the date of service of the Order to file motions (including a motion to quash or modify the subpoena), as well as any motion to litigate the subpoena pseudonymously. (Doc. No. 9).

In addition to those conditions, the Court now attaches some additional parameters to the ISP's compliance with the subpoena to balance the parties' interests. Specifically, the plaintiff may only use the name and address of the holder of the subscriber assigned IP address 141.126.202.40, if obtained by the defendant's ISP, for the purposes of this litigation; the plaintiff is expressly prohibited from obtaining the defendant's email address or telephone numbers. *See e.g., Strike 3 Holdings, LLC v. Doe,* No. 3:19CV117 (SRU), Doc. No. 9; *Strike 3 Holdings, LLC v. Doe*, No.

8

3:19 CV 116 (VLB), Doc. No. 10; *Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 2125 (KAD), Doc. No. 9); *Strike 3 Holdings, LLC v. Doe*, No. 3:18 CV 2124 (JAM), Doc. No. 9. The plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information that plaintiff may subsequently learn, other than the defendant's ISP number. *Id.* The plaintiff shall not threaten to disclose any of the defendant's identifying information. *Id.* The defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after the defendant has had an opportunity to challenge the disclosure. *Id.* Therefore, the plaintiff is ordered not to file publicly any of the defendant's identifying information and to file under seal all documents containing the defendant's identifying information. *Id.* The defendant's ISP shall confer with the plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. *Id.* If the defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff. *Id.*

III. <u>CONCLUSION</u>

The Motion to Quash is DENIED, but the plaintiff is subject to the additional following limitations on the subpoena:

1. In addition to the conditions set forth in this Court's (Arterton, J.) Order granting the plaintiff's motion for leave to serve the third party subpoena (Doc. No. 9), the plaintiff may only use the defendant's name and address, if obtained by the defendant's ISP, for the purposes of this litigation; the plaintiff is expressly prohibited from obtaining the defendant's email address or telephone numbers. The plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information other than the defendant's ISP number. The plaintiff shall not threaten to disclose any of the defendant's identifying information. The defendant will be permitted to litigate this case anonymously unless and until this Court orders otherwise and only after the defendant has had an opportunity to challenge the disclosure. Therefore, the plaintiff is ordered not to file publicly any of the defendant's identifying information and to file under seal all documents containing the defendant's identifying information.

2. The defendant's ISP shall confer with the plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the defendant's ISP

9

receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 10th day of May, 2019.

                                                 /s/ Robert M. Spector, USMJ
                                                Robert M. Spector
                                                United States Magistrate Judge